IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| THOMAS P. WILLIAMS, SR., Plaintiff, v. AMERICAN SECURITY INSURANCE COMPANY, Defendant. | CIVIL ACTION NO. 16-6254 |

**MEMORANDUM OPINION**

**Schmehl, J. /s/ JLS** **September 29, 2017**

## I. INTRODUCTION

Plaintiff, Thomas P. Williams, Sr. ("Plaintiff"), has filed this action alleging that Defendant, American Security Insurance Company ("ASIC" or "Defendant"), breached the insurance contract that it had with Kathy Palmer, after Palmer assigned her rights under the policy to Plaintiff. Defendant filed a motion to dismiss Plaintiff's Amended Complaint, claiming that Palmer's assignment to Plaintiff was invalid, that Plaintiff does not have an insurable interest in the property and that Plaintiff's Amended Complaint does not properly plead damages. For the reasons set forth below, I will deny Defendant's Motion to Dismiss.

## II. FACTUAL BACKGROUND

On January 28, 2016, Palmer suffered water damage due to a pipe break at her then residence in Bethlehem, Pennsylvania. (Am. Compl. ¶ 4.) At the time of the loss, Palmer was designated the "Borrower" on an insurance policy issued by ASIC , which designated Caliber Homes Loans, Inc., Palmer's mortgagee, as the "Named Insured." (Am. Compl. ¶ 6.) On March 11, 2016, Plaintiff purchased Palmer's property at Sheriff's

Sale, and the deed reflecting that sale was recorded on April 26, 2016. (Am. Compl. ¶ 8.) On March 28, 2016, Palmer executed an assignment to Plaintiff which states that it is assigning to Plaintiff "all of her rights to pursue a claim (chose in action), negotiate/adjust a claim directly with the insurance company or their agent, and recover from (American Security Insurance Company) the amount(s) due and/or payable under (Claim # 0010195744) on account of the casualty loss(es) which occurred as a result of the water loss at 4375 Holly Court, Bethlehem, PA 18017 around or during January 2016." (Am. Compl. ¶ 11, Ex. C.)

On April 15, 2016, ASIC denied coverage for the loss, and on May 3, 2016, Palmer executed a Proof of Loss. (Am. Compl. ¶ 7, Exs. B and F.) On August 8, 2016, Plaintiff sold the property in question to a third party. (Def's Mtn to Dismiss, Ex. 4.)

## III. LEGAL STANDARD

A Rule 12(b)(6) motion to dismiss requires the court to examine the sufficiency of the complaint. Conley v. Gibson, 355 U.S. 41, 45, 78 S.Ct. 99, 102, 2 L.Ed.2d 80, 84 (1957) (abrogated in other respects by Bell Atlantic Corporation v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). In determining whether a complaint is sufficient, the court must accept all factual allegations as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (citing Phillips v. County of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008)).

Although "conclusory" or "bare-bones allegations" will not survive a motion to dismiss, Fowler, 578 F.3d at 210, a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on the

merits. Phillips, 515 F.3d at 231. Nonetheless, to survive a Rule 12(b)(6) motion, the complaint must provide "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element." Id. at 234 (quoting Twombly, 550 U.S. at 556) (internal quotations omitted).

## IV. DISCUSSION

Defendant argues that Plaintiff's breach of contract claim should be dismissed because the Assignment is invalid, Palmer did not have an insurable interest in the property at the time of the Assignment, Plaintiff makes claims outside the scope of the Assignment, Plaintiff no longer has an insurable interest in the property, and Plaintiff does not adequately plead damages. As will be discussed more fully below, I find that Defendant's arguments fail and ASIC's motion to dismiss must be denied.

### A. Validity of the Assignment

First, Defendant argues that because the policy in question states that "Assignment of this Certificate will not be valid unless [ASIC gives its] written consent," (Am. Compl. Ex. A,) and Palmer executed the Assignment without its consent, the Assignment is invalid. It is true that Pennsylvania courts have consistently held that an anti-assignment provision in a policy is enforceable when the insured is attempting to assign the entire policy to a third party. See The Insurance Adjustment Bureau, Inc., v. Allstate Ins. Co., 905 A.2d 462 (Pa. 2006); Seneca Ins. Co., Inc., v. Lexington and Concord Search and Abstract, LLC, 484 F.Supp.2d 374, 378 (E.D. Pa., 2007); Egger v. Gulf Ins. Co., 903 A.2d 1219, 1224 (Pa. 2006). However, "a provision in a policy, prohibiting an assignment after loss has occurred, is generally regarded as void, in that it is against public policy." Egger, 903 A.2d at 1224. The Egger Court found that a "loss" is "the

occurrence of the event, which creates the liability of the insurer." Id. at 1226. The Court continued:

> [A]fter a loss has occurred, the right of the insured or his successor in interest to the indemnity provided in the policy becomes a fixed and vested right; [and] . . . is an obligation or debt due from the insurer to the insured, subject only to such claims, demands, or defenses as the insurer would have been entitled to make against the original insured.

Egger, 903 A.2d at 1226-1227, quoting Viola v. Fireman's Fund Ins. Co., 965 F.Supp. 654, 658 (E.D. Pa., 1997).

In the instant matter, the loss in question occurred on January 28, 2016. After that date, Palmer had a claim to insurance benefits that could be assigned, despite the anti-assignment provisions in the policy. The assignable right accrues at the date of loss, even though payment may not yet be due. See e.g., One Call Property Services, Inc. v. Security First Ins. Co., 165 So.3d 749 (Fla. App., 4th Dist., 2015). Palmer executed the Assignment, assigning her right to collect benefits under the ASIC policy, to Plaintiff on March 28, 2016. This date is clearly after the date of loss; accordingly Palmer's post-loss assignment is valid despite the anti-assignment provision contained in the policy.

Next, Defendant argues that the Assignment is invalid because Palmer did not have an insurable interest in the property to assign to Plaintiff. However, I find Defendant's lengthy analysis of insurable interest at the time of the Assignment to be irrelevant. Defendant does not and cannot dispute the fact that Palmer had an insurable interest in the property at the time of the **loss**. That is clearly the relevant date in this factual scenario. The right that Palmer is permitted to assign accrued at the time of loss, January 28, 2016. It is irrelevant whether Palmer had an insurable interest in the property later when she executed the Assignment. It is the date of loss that is critical to this

analysis, not the date of the Assignment. See One Call Prop. Svcs, 165 So.3d 749. Accordingly, I find Defendant's argument that Palmer did not have an insurable interest to convey to be unpersuasive.

**B. Plaintiff's Rights After the Assignment**

Next, Defendant argues that even if the Assignment is valid, Plaintiff steps into Palmer's shoes and his rights may only rise as high as hers; therefore, Plaintiff cannot make a claim for costs he incurred after the Assignment because they are not costs Palmer ever incurred herself before the Assignment. This argument is non-persuasive.

Palmer assigned this claim to Plaintiff in connection with the water damage to her home. Thus Plaintiff became an assignee of the insurance claim, taking the claim subject to whatever limitations it had in the hands of Palmer, the assignor. As of the date of loss, Palmer had a valid claim that could be assigned, and she assigned that claim to Plaintiff. The law does not require anything more. Defendant is free to assert its "claims, demands or defenses" against Plaintiff as it could have against Palmer. Egger, 903 A.2d at 1226. For example, Defendant's allegations that Palmer failed to timely file a proof of loss as required by the policy would be one such defense.

**C. Plaintiff's Current Interest in the Property/Damage Allegations**

Defendant also argues that because Plaintiff sold the property and no longer has an insurable interest in it, he should not be permitted to recover under the policy. Plaintiff does not dispute that he has sold the Property. This fact, however, is irrelevant to the issue before the court. Palmer had a claim as of the date of loss, which she assigned to Plaintiff. Plaintiff incurred expenditures for repairs due to the loss. Under the law,

Plaintiff should be permitted to recover any expenses covered by the policy that arose from the water damage at the property.

Lastly, Defendant argues that Plaintiff has failed to properly allege damages, which are a necessary element of his breach of contract claim. Plaintiff's Amended Complaint states that "Plaintiff is indebted to CityLine for the repairs made to the residence in the amount of $133,984.80." (Am. Compl. ¶ 28.) I find that at this stage of the proceedings, this is a sufficient allegation of damages.

## V. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is denied. An appropriate order follows.